IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PERSONALWEB TECHNOLOGIES, LLC AND LEVEL 3 COMMUNICATIONS, LLC, | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| vs. | | Civil Action No. 6:12-CV-00658-LED |
| YAHOO! INC. | | JURY TRIAL DEMANDED |
| Defendant. | | |

**PersonalWeb Technologies, LLC's Opposition to Yahoo! Inc.'s Motion to Transfer Venue**

**INTRODUCTION**

Although at first glance this case might appear similar to some of the other cases brought by PersonalWeb where this Court recently granted transfer, *see* March 21, 2013 Order (hereafter the "Order"), there is at least one crucial difference not adequately addressed by Yahoo!: Yahoo!'s relationship with Microsoft Corporation ("Microsoft"), which PersonalWeb alleges also infringed the patents at issue in this litigation (collectively called the "True Names patents"). *Microsoft Corp.*, No. 6:12-cv-663.  Given this relationship (which specifically relates to Microsoft's "Bing" search engine, identified by PersonalWeb as underlying Yahoo!'s accused search engine), judicial economy favors having this Court consider PersonalWeb's case against both Yahoo! and Microsoft.  As both Yahoo! and Microsoft have admitted, Yahoo! and Microsoft are based in two different states, and their relevant documents and witnesses are likewise located in two different states.  By contrast, this Court has already acknowledged that Tyler, Texas is home to all of PersonalWeb's tangible and intangible property, including all of the company's electronic and non-electronic files, books, and records.  Dkt. 131 at 14-15.  Accordingly, while it is unavoidable that at least one of Yahoo! and Microsoft will be required to litigate outside the state of its headquarters, it would significantly undermine judicial economy and prove burdensome for the Tyler-based PersonalWeb, to create parallel litigation of not just the same patents, but also the same systems, in two different states.  Given this reality, Yahoo! has not, and indeed cannot, show that the Northern District of California is clearly the more convenient forum for litigation of PersonalWeb's infringement claims.

**I.        FACTUAL BACKGROUND**

**A.      The Transferee District is Not Clearly More Convenient for Yahoo!.**

Though based in Northern California, as Yahoo! itself admits, Microsoft's Bing search engine, which powers Yahoo!'s accused search engine, was designed and developed "through the offices of Microsoft Corporation located in Redmond, Washington."  Dkt. 49 at 3 (citing Declaration of Arnab Bhattacharjee ("Bhattacharjee Decl.") at ¶¶7, 11-12; Declaration of Chirs Jones ("Jones Decl.") (accompanying Microsoft's motion to transfer)).  Accordingly, some of the

relevant documents and electronic files associated with the design, development, operation, licensing, and marketing of the accused technology, are "located at Microsoft's headquarters in Washington." Dkt. 49 at 3 (citing Bhattacharjee Decl. at ¶¶9, 13; Jones decl. (accompanying Microsoft's motion to transfer)). Moreover, some of the Yahoo! employees who possess relevant knowledge regarding the design, development, licensing and marketing of the accused technology are "based in Microsoft's Washington offices." Dkt. 49 at 3 (citing Bhattacharjee Decl. at ¶¶7, 10, 12; Jones Decl. (accompanying Microsoft's motion to transfer)).

**B.    The Transferee District is Not Clearly More Convenient for Non-Parties.**

The majority of the non-party witnesses do not live in the transferee district. Rather, as the Court has already noted, the two inventors of the True Names Patents, David Farber and Ronald Lachman, live in Ojai, California and Northbrook, Illinois, respectively. Dkt. 131 at 15. The prosecuting attorney of the True Names Patents, Brian Siritzky, lives in Patomac, Maryland. *Id*. The employees of BDE, Kevin Bermeister and Anthony Neumann, live in Sydney, Australia and Southern California, respectively.[1] *Id*. All of these non-parties have agreed to travel to this District in order to testify in any and all of the PersonalWeb actions. Exs. 1, 2, 3, 4, 5. Although Yahoo! has thus far refused to identify any of these witnesses, given its relationship with Microsoft, Yahoo! will almost certainly present multiple party and non-party witnesses to testify about Microsoft's Bing search engine. According to both Yahoo! and Microsoft, these witnesses are based in Washington.

**C.    PersonalWeb Maintains Significant Evidence in This District.**

As it held in its Order, "PersonalWeb is a legitimate company operating a legitimate business in East Texas." Dkt. 131 at 14-15. Specifically, PersonalWeb maintains relevant witnesses and evidence in this district, including: (1) PersonalWeb's top executives reside in this District, as do all of its full-time and hourly employees; and (2) like its employees, all of

---

[1] Besides living outside of the transferee district, as explained in PersonalWeb's Motion for Reconsideration of Order Conditionally Granting Transfer, Mr. Neumann does not have relevant knowledge about the True Names patents or the issues in this lawsuit. Dkt. 134 at 5. Mr. Neumann declared under penalty of perjury that he does not believe he has "any relevant knowledge about this litigation." Dkt. 40-36 at ¶7.

3

PersonalWeb's tangible and intangible property, including all of the company's electronic and non-electronic files, books, and records, are located in this District. This includes all of the files, books, and records related to the True Names patents, as well as PersonalWeb's primary software product, StudyPods. This primary software product, StudyPods, which actively practices the True Names patents, was conceived and developed exclusively in this District.

## II.     APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. 1404(a). The party seeking transfer of venue must show good cause for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*In re Volkswagen I*"). To show good cause, the movant must demonstrate that the proposed transferee venue is clearly more convenient. *Id*. If the movant cannot do so, then the plaintiff's choice of venue should be respected. *Id*.

When deciding whether to transfer venue, a district court balances two categories of interests: the private interests, i.e., the convenience of the litigants, and the public interests in the fair and efficient administration of justice. *In re Volkswagen I*, 545 F.3d at 315. To prevail, Yahoo! must show that the public and private factors "clearly" favor transferring the case. *Id*. Yahoo! has failed to make that showing here.

## III.     ARGUMENT

**A.     Private Interest Factors Weigh in Favor of Denying Transfer.**

**1.     Access to sources of proof weighs against transfer.**

This Court premised its recent Order Conditionally Granting Transfer on the defendants' representations that the accused products were developed in the transferee districts, and that accordingly "all of the relevant documents associated with their products are located there." Dkt. 131 at 21. Here, by contrast, Yahoo! has itself acknowledged that the accused technologies "were designed and developed, and are marketed and licensed, thought *either* Yahoo!'s Northern California offices or, *to the extent they are based on Microsoft's 'Bing' search engine, through*

4

*the offices of Microsoft Corporation located in Redmond, Washington.*" Dkt. 49 at 3 (emphasis added) (citing Bhattacharjee Decl. at ¶¶7, 11-12; Jones Decl. (accompanying Microsoft's motion to transfer)). Accordingly, Yahoo! has admitted that "[m]ost if not all of the relevant documents and electronic files related to the design, development, operation, licensing, and marketing of the accused technology, are located at Yahoo!'s offices in Northern California, *or at Microsoft's headquarters in Washington.*" Dkt. 49 at 3 (emphasis added) (citing Bhattacharjee Decl. at ¶¶9, 13; Jones Decl. (accompanying Microsoft's motion to transfer)). Yahoo! has also explained that "[t]he Yahoo! employees who possess relevant knowledge regarding the design, development, licensing and marketing of the accused technology are likewise based in and operate primarily from Yahoo!'s offices in California *and/or in Microsoft's Washington offices.*" Dkt. 49 at 3 (emphasis added) (citing Bhattacharjee Decl. at ¶¶7, 10, 12; Jones Decl. (accompanying Microsoft's motion to transfer)). Thus, Yahoo!, not to mention Microsoft, have admitted that there are documents and witnesses relevant to Yahoo! located in the state of Washington.

In fact, given the relationship between Yahoo! and Microsoft it is very possible that a majority of Yahoo!'s relevant documents and witnesses will come from Washington. By contrast, this Court has already acknowledged that the majority of PersonalWeb's evidence will come from this district. Dkt. 131 at 14-15. This includes testimony from PersonalWeb's executives and developers, all of whom reside in this district. PersonalWeb also maintains all of the files, books, and records associated with both the True Name patents and its primary software product, StudyPods, in this district.

This situation is very similar to the Court's recent consideration of the Amazon and Dropbox transfer motions. There, this Court expressed skepticism about how much Dropbox's presence in California truly tipped the scales in favor of transfer to the Northern District of California where, as here, a significant amount of the proof would be supplied by a Washington-based defendant (which had also moved for transfer to the Northern District of California). The Court explained:

5

> This factor slightly favors transfer. All of PersonalWeb's documents are located in Tyler, and all of Dropbox's documents are located in San Francisco. Between these two parties, there would be no increase in convenience by transferring the case. Instead, a transfer would merely shift the obligation of transporting documents from Dropbox to PersonalWeb. Amazon tips the scale slightly in favor of transfer. However, all of Amazon's documents are located in Seattle, so Amazon will have to transport them regardless of whether the case is tried in Tyler of San Francisco. The Court is skeptical of the true "convenience increase" by *only* having to transport its documents to San Francisco. Nevertheless, this factor slightly favors transfer.

Dkt. 131 at 26 (emphasis original).

Similarly here, Yahoo! has itself acknowledged the existence of relevant documents and witnesses in Washington. Moreover, given the centrality of Bing to both suits, the majority of the documents and witnesses will probably come from Washington. Yahoo! has thus failed to show that all of the sources of proof are located in the transferee district and this factor weighs against transfer. *See* Ex. 6, *Ericsson Order Denying Transfer*, Case No. 6:10-CV-473 (J. Davis) at 6 (denying transfer where Defendants failed to show that the "weight of the relevant evidence clearly reside[d] in one district").

### 2. The location of witnesses weighs against transfer.

This District is more convenient and less expensive when viewed across the spectrum of party and non-party witnesses. Yahoo! fails to reach this same conclusion because it (1) considers this motion solely from the perspective of its own witnesses; (2) places undue significance on the location of Mr. Neumann as well as PersonalWeb licensee Skype; and (3) chooses to withhold the identifies of the many Washington-based likely party and non-party witnesses. *See* Dkt. 49 at 7-9. But PersonalWeb is also a party to this dispute and all of its officers and employees live in this District. *See* Ex. 7, *Innoband Order Denying Transfer*, Case No. 2:10-CV-191-TJW-CE at 8 ("Aso, however, narrowly focuses its analysis on the cost of attendance for Aso and its Florida employees, while ignoring the relative costs of attendance for all other party and non-party witnesses."). Moreover, as explained in PersonalWeb's Motion for

Reconsideration, Mr. Neumann has no relevant knowledge about the True Names patents or the issues in this lawsuit. Dkt. 134 at 5. Indeed, Mr. Neumann declared under penalty of perjury that he does not believe he has "any relevant knowledge about this litigation." Dkt. 40-36 at ¶7. In addition, on October 13, 2011, Skype, which is a company that was founded in Luxembourg and has always been headquartered there, was acquired by Microsoft Corporation, which is based in Redmond, Washington. Dkt. 131-B at 18, Dkt. 131-C at 2.

Nor does this analysis change by Yahoo!'s identification of three California-based potential party witnesses, and two California-based potential non-party witnesses. Rather, based on Yahoo!'s own admissions, it is clear that many, if not the majority, of party and third-party witnesses work out of Microsoft's offices in Washington. The fact that Yahoo! has thus far refused to identify any of these potential witnesses does not mean that they do not exist. In fact, Yahoo!'s silence raises a concern about just how much Yahoo! is choosing to disclose. *See* Ex. 8, *Cell and Network Selection, LLC Order Denying Transfer*, No. 6:11-CV-706 LED-JDL at 4 (noting that "[w]ithout naming any persons, their interest in the litigation, and where they reside, the Court can only speculate as to the difficulty and cost of travel" for potential witnesses).

In sum, Yahoo! has failed to show that the transferee district is clearly more convenient for most—let alone a majority—of party and non-party witnesses. This factor thus weighs against transfer.

### 3.     **Judicial economy favors keeping the case in this district.**

As this Court has already noted, "[j]udicial economy weighs against transfer." Dkt. 131 at 17. "This Court already has one claim construction hearing scheduled for eleven of the PersonalWeb cases, and a second claim construction hearing will be scheduled for the remaining three cases. Judicial economy is not promoted by transferring one or more Defendants to California, thereby creating parallel proceedings in multiple courts." *Id*. at 17-18 (citing *In re Vistaprint Ltd.*, 628 F.3d 1342, 1345 (Fed. Cir. 2010)). This factor holds all the more true with regard to this Defendant.

7

First, as Yahoo! all but concedes by seeking to, in the alternative, transfer its case to the Western District of Washington, judicial economy favors coupling consideration of PersonalWeb's actions against Yahoo! and Microsoft. Dkt. 49 at 13-14 ("should this Court conclude that an overlap of issues as between Yahoo! and Microsoft's accused software warrants keeping the Yahoo! and Microsoft cases together, Yahoo! alternatively seeks transfer to the Western District of Washington") (footnote omitted). Yahoo!'s admission that "[t]o the extent that PersonalWeb's infringement allegations against Yahoo! are premised on the Bing search engine, which is also accused in the Microsoft matter, certain of the Microsoft documents and witnesses located in the Western District of Washington would also be relevant to the present case" is in line with Microsoft's own statements: "Considerations of judicial economy and efficiency here include the fact that defendant Microsoft has an indemnity relationship with defendant Yahoo! (with regard to Microsoft's "Bing" search engine, identified by PersonalWeb as underlying Yahoo!'s accused search engine), for which the Northern District of California is clearly most convenient, as detailed in a separate motion to be filed by Yahoo!." Dkt. 32 at 14. Indeed, besides involving the same patents and systems, these two Defendants plan on calling at least some of the same witnesses. For example, both Yahoo! and Microsoft identify as a potential witness a Mr. Sean Suchter, a former employee of both Yahoo! and Microsoft. Dkt. 49 at 12; Dkt. 37 at 11. Although PersonalWeb cannot know what other potential Yahoo! and Microsoft witnesses will have testimony relevant to both cases, PersonalWeb is informed and believes, and upon such information alleges, that there are several other witnesses who will fall into this category.

Yahoo! attempts to ignore this obvious hit to judicial economy by blaming PersonalWeb for having filed multiple suits. But the *GeoTag* case cited by Yahoo! is plainly distinguishable. In that case the litigation involved over 100 cases against in excess of 400 defendants. *GeoTag, Inc. v. Aromatique, Inc.*, CA No. 2:10-cv-470, Dkt. 585 at 9-10. As the court explained, "[a]lthough GeoTag asserts the '474 patent in each case, none of the cases involve related

8

defendants or overlapping products or services. GeoTag argues that having a single court familiar with the facts and legal issues would produce significant gains in judicial economy. The Court disagrees." *Id.* at 13. By contrast, Yahoo! and Microsoft share an indemnity agreement, and PersonalWeb has accused overlapping patents and systems. Accordingly, there are common issues that would be present in these two cases that would not be present in all infringement cases. This is thus a situation where judicial economy favors keeping the cases together.

**B.    Yahoo! Misunderstands This Court's Order.**

Presented with the obvious overlap between the Yahoo! and Microsoft cases, Yahoo! has made clear that while it believes that the Northern District of California is the most convenient forum, it is also willing to be transferred to the Western District of Washington. This request, however, reflects Microsoft's basic misunderstanding of this Court's Order. Given Yahoo!'s Connections to California, Microsoft's connections to Washington, and PersonalWeb's connections to Texas, as this Court did in ruling on Amazon's bid to join other Defendants in California, *see* Dkt. 131 at 28, 40-41, the best resolution is to leave the Yahoo! and Microsoft cases in this District. *See* Dkt. 131 at 39-42.

As this Court explained in denying Amazon's motion to transfer, "as a defendant seeking to transfer an action to a venue that is not its home, Amazon faces a greater challenge than a defendant seeking to transfer an action to its home forum. . . . Because of PersonalWeb's significant ties to Tyler and Amazon's lack of ties to the Northern District of California, Amazon has failed to meet its burden." Dkt. 131 at 40. As was the case with Amazon, Yahoo! cannot show that, given its apparently significant ties to California, not to mention PersonalWeb's substantial ties to Texas, this Court should transfer this case to a district other than Yahoo!'s home district.

## IV. CONCLUSION

This court should reject Yahoo!'s efforts to deplete judicial resources and burden the parties in this litigation by seeking transfer to the Northern District of California. Yahoo! has failed to show that all, or even the majority, of its evidence is located at its headquarters in Northern California. Rather, Yahoo! has itself admitted that witnesses and documents involving its Bing powered search engine are based in another state altogether. PersonalWeb, by contrast, maintains all of its employees and documents in this District. Accordingly, Yahoo! has failed to show that the Northern District of California is *clearly* more convenient, and transfer of this case is not warranted.

DATED: June 3, 2013

Respectfully submitted,

By: */s/ Max L. Tribble, Jr.*
Max L. Tribble, Jr.
State Bar No. 20213950
mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Lead Attorney for Plaintiff
PersonalWeb Technologies, LLC

Joseph Grinstein
State Bar No. 24002188
jgrinstein@susmangodfrey.com
Ashley L. McMillian
State Bar No. 24070252
amcmillian@susmangodfrey.com
Sandeep Seth
State Bar No. 18043000
sseth@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Marc M. Seltzer
State Bar No. 54534
mseltzer@susmangodfrey.com
Kalpana Srinivasan
State Bar No. 237460
ksrinivasan@susmangodfrey.com
Davida Brook
State Bar No. 275370
dbrook@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Ave of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile:  (310) 789-3150

Attorneys for Plaintiff
PersonalWeb Technologies, LLC

2736592v1/012790

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2013, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                    */s/ Max L. Tribble, Jr.*
                                                    Max L. Tribble, Jr.

2736592v1/012790