**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **PERSONALWEB TECHNOLOGIES, LLC** | § | |
| **AND LEVEL 3 COMMUNICATIONS, LLC,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **Civil Action No. 6:12-CV-00658-LED** |
| | § | |
| **YAHOO! INC.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| | § | |

## [PROPOSED] JOINT FINAL PRETRIAL ORDER

The Pretrial Conference is scheduled for October 29, 2014, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.  Plaintiff PersonalWeb Technologies, LLC ("PersonalWeb"), and Defendant Yahoo! Inc. ("Yahoo!"), submit this Joint Pretrial Order.  Plaintiff Level 3 Communications LLC has not asserted any claims in this action.  Subject to the other rulings made at the Pretrial Conference, the Court enters this Order.

**A.     COUNSEL FOR THE PARTIES:**

<u>Plaintiff:</u>

Max L. Tribble (Bar No. 20213950); Kalpana Srinivasan (CA Bar No. 237460); Ashley L. McMillian (Bar No. 24070252); and Davida Brook (CA Bar No. 275370) of SUSMAN GODFREY L.L.P.; and Thomas John Ward, Jr. (Bar No. 00794818,) of WARD & SMITH LAW FIRM.

<u>Defendant:</u>

Jennifer H. Doan
State Bar No. 08809050
Brent D. McCabe
State Bar No. 24088004
Stephen D. Howen

State Bar No. 10117800
HALTOM &DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
jdoan@haltomdoan.com
bmccabe@haltomdoan.com
showen@haltomdoan.com

Kevin S. Kudlac
State Bar No. 00790089
Amber L. Hagy
State Bar No. 09223750
GREENBERG TRAURIG LLP
300 W. 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210
kudlack@gtlaw.com
hagya@gtlaw.com

Rene A. Trevino
State Bar No. 24051447
GREENBERG TRAURIG LLP
1000 Louisiana, Suite 1700
Houston, TX 77002
Telephone: (713) 374-3551
Facsimile: 713-374-3505
trevinor@gtlaw.com

Jared Bobrow
California State Bar No. 133712
Andrew L. Perito
California State Bar No. 269995
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3034
Facsimile: (650) 802-3100
jared.bobrow@weil.com
andrew.perito@weil.com

Fay E Morisseau
Fay E. Morisseau - Attorney at Law
100 E. Ferguson Street, Ste 800

Tyler, TX 75702
Telephone:  (562) 237-3970
faymorisseau@gmail.com

## B.    STATEMENT OF JURISDICTION

**PersonalWeb's Statement:**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331
and 1338 because this action arises under the patent laws of the United States, including 35
U.S.C. § 1 *et seq*.  Personal jurisdiction is not disputed in this case.

PersonalWeb and Level 3 Communications, LLC ("Level 3") are the co-owners, and the
only co-owners, of the patent-in-suit.  Specifically, PersonalWeb and Level 3 are parties to an
agreement between Kinetech, Inc. and Digital Island, Inc. dated September 1, 2000 (the
"Agreement").  Pursuant to the Agreement, PersonalWeb and Level 3 each own a fifty percent
(50%) undivided interest in and to the patent at issue in this action.  Level 3 joined in the
complaint against Yahoo! pursuant to its contractual obligations under the Agreement, at the
request of PersonalWeb.

Pursuant to the Agreement, Level 3 has, among other rights, certain defined rights to use,
practice, license, sublicense and enforce and/or litigate the patent-in-suit in connection with a
particular field of use ("Level 3 Exclusive Field").  Pursuant to the Agreement, PersonalWeb
has, among other rights, certain defined rights to use, practice, license, sublicense, enforce,
and/or litigate the patent-in-suit in fields other than the Level 3 Exclusive Filed (the
"PersonalWeb Patent Field").  PersonalWeb thus has standing to sue Yahoo! for infringement of
the patent-in-suit.

No other entity, including but not limited to Legent Corporation (succeeded by CA
Technologies), owns any interest in the patent-in-suit.  Legent Corporation has accordingly never

purported to own any interest in the patent-in-suit, an issue that Yahoo! first raises by this proposed order.

**Yahoo!'s Statement:**

This action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq.* Yahoo! does not contest personal jurisdiction in this case. This Court has determined venue to be proper. As noted further herein, Yahoo! contends that the Court lacks subject matter jurisdiction over this case because PersonalWeb does not have standing in the absence of all co-owners. In particular, Yahoo! contends that nonparty Legent Corporation (succeeded by CA Technologies) is a co-owner because it is the former employer of one of the inventors of the '280 patent, Ronald Lachman. Mr. Lachman was subject to an employment agreement with Legent from at least May 27, 1994 through at least May 27, 1995, which period covers the date of invention for the '280 patent. Pursuant to that agreement, Mr. Lachman automatically assigned all rights in any inventions that grew out of his work with Legent, which included the invention purportedly disclosed and claimed in the '280 patent. Because Legent (now CA Technologies) is the owner of Mr. Lachman's interest in the '280 patent, and has not been joined in this case, PersonalWeb lacks standing to maintain this action.

## C.     NATURE OF ACTION

**PersonalWeb's Statement:**

This is an action for infringement of PersonalWeb's patents. PersonalWeb will seek to prove that Yahoo!'s search engine system, which includes Yahoo!'s "sponsored search", infringes claims 10, 15, 16, 25, 31, and 32 of United States Patent No. 6,415,280 (the "patent-in-suit" or "'280 Patent"). PersonalWeb seeks damages to compensate for Yahoo!'s infringement, in an amount no less than a reasonable royalty, as well as pre- and post-judgment interests and

costs,  attorneys' fees, and any enhanced damages pursuant to 35 U.S.C. § 284.

**Yahoo!'s Statement**

1.        This is an action for patent infringement.  PersonalWeb originally sued Yahoo!

for allegedly infringing claims of three patents:  U.S. Patent Nos. 5,978,791 ("the '791 patent");

6,415,280 ("the '280 patent"); and 7,802,310 ("the '310 patent").  Only the '280 patent remains

in this case.  PersonalWeb confirmed in its Second Amended Complaint, filed on June 20, 2014

(Dkt. No. 115), that it is no longer asserting infringement of any claims of the '791 and '310

patents.  PersonalWeb's infringement allegations under the '791 and '310 patents are therefore

ripe to be dismissed with prejudice.

2.        The original assignee of all of the originally asserted patents (including the '280

patent) is Kinetech, Inc.  Pursuant to an agreement dated September 1, 2000, Kinetech purported

to transfer to Digital Island, Inc., a fifty percent (50%) undivided interest in and to the patents

originally asserted in this action (including the '280 patent).  Plaintiff PersonalWeb is the

successor-in-interest to Kinetech and Plaintiff Level 3 Communications, LLC ("Level 3") is the

successor-in-interest to Digital Island.  Level 3 has joined in this suit at the request of

PersonalWeb but has not asserted any claims against Yahoo!.  Level 3 is not expected to present

any evidence at trial.

3.        PersonalWeb contends that Yahoo! is infringing claims 10, 15, 16, 25, 31, and 32

of the '280 patent (the "Asserted Claims").  PersonalWeb's infringement claims are limited to

direct infringement.   Although PersonalWeb's original complaint alleged contributory and

induced infringement in addition to direct infringement, PersonalWeb confirmed through

communications between the parties and in its Second Amended Complaint, filed on June 20,

2014 (Dkt. No. 115), that it is no longer asserting claims of indirect infringement (either

inducement or contributory infringement).  PersonalWeb's allegations of indirect infringement are therefore ripe to be dismissed with prejudice.

4.      PersonalWeb has also confirmed in communications between the parties that its allegations of infringement are limited to literal infringement, and PersonalWeb does not assert infringement under the doctrine of equivalents.

5.      PersonalWeb has made no allegations of willful infringement in any of its complaints, and has confirmed in communications between the parties that it does not allege willful infringement by Yahoo!.

6.      PersonalWeb originally identified the specific products accused of infringement in its Infringement Contentions (served December 7, 2012) as "Yahoo!'s Search Engine System (Pre-Bing)" and "Yahoo!'s Bing-Powered Search Engine System."

7.      All of PersonalWeb's allegations of infringement, past and future, against Yahoo!'s Bing-powered search engine system were resolved by virtue of PersonalWeb's settlement with Microsoft Corporation executed on June 19, 2014.  PersonalWeb's allegations of infringement against Yahoo!'s Bing-powered search engine system in this case are required by the terms of that settlement to be dismissed with prejudice.

8.      The only remaining accused product in this action is the pre-Bing product known as Yahoo! Search Technology ("YST"), also referred to as "algorithmic" or "algo" search. Yahoo!'s separate "Yahoo! Search Marketing" ("YSM"), also referred to as search advertising or "sponsored search" or "paid" search, is not at issue in this case.  References herein by Yahoo! to "Accused Product" refer only to Yahoo! Search Technology (YST) (Pre-Bing).

9.      PersonalWeb seeks monetary damages from Yahoo! in the form of a lump-sum reasonable royalty.  PersonalWeb's Second Amended Complaint, filed on June 20, 2014 (Dkt.

No. 115) also seeks permanent injunctive relief against future acts of infringement by Yahoo!, as well as treble damages under 35 U.S.C. § 284, prejudgment and post judgment interests and costs, and attorneys' fees pursuant to 35 U.S.C. § 285.

10.     Yahoo! denies that it has infringed any of the Asserted Claims of the '280 patent. Yahoo! further alleges that the '280 patent is invalid under at least 35 U.S.C. §§ 101, 102, 103, and 112.

11.     Yahoo! contends that PersonalWeb is not entitled to injunctive relief of any kind under the applicable standards set forth in *eBay v. MercExchange LLC*, 547 U.S. 388 (2006), and further notes that the '280 patent expires on April 11, 2015.

12.     Yahoo! seeks a declaratory judgment that the '280 patent is invalid and/or is not infringed.  Yahoo! also seeks costs, expenses, and attorneys' fees pursuant to 35 U.S.C. § 285.

**D.     CONTENTIONS OF THE PARTIES**

The parties set forth below a summary of their respective contentions.  The parties do not necessarily agree with each other's summaries and contentions and reserve all objections.

**PersonalWeb's Statement:**

By providing these contentions, PersonalWeb does not waive its discovery motion, motions to strike, or motions *in limine*, which, if granted, could resolve some of these issues. Furthermore, PersonalWeb's contentions in this case are detailed, in part, in its pleadings, infringement contentions, discovery responses, expert reports and depositions of PersonalWeb's experts, and briefing and responses to Yahoo!'s pending and anticipated motions, all of which are incorporated herein by reference.

1.     PersonalWeb maintains that it has standing to sue as the two co-owners of the patent-in-suit have joined in the complaint.

2.      PersonalWeb contends that the inventions embodied by the asserted claims of the '280 Patent, issued on July 2, 2002, were first conceived as part of a related patent portfolio, which includes U.S. Patent Nos. 8,001,096; 7,949,662; 7,945,544; 7,945,539; 7,802,310; 6,928,442; 5,987,791; 8,082,262; and 8,099,420.  PersonalWeb contends that all these patents were conceived in the fall of 1994.  The first application in this patent portfolio (Application No. 08/425,160) was filed on April 11, 1995.

3.      PersonalWeb contends that the asserted claims of the '280 Patent are valid, and that Yahoo! cannot prove invalidity by clear and convincing evidence.  PersonalWeb incorporates by reference herein the Expert Report of Dr. V. Thomas Rhyne.

4.      PersonalWeb contends that Yahoo!'s search engine system, which includes Yahoo!'s "sponsored search", directly infringes claims 10, 15, 16, 25, 31, and 32 of the '280 Patent.  PersonalWeb incorporates by reference herein the Expert Report of Dr. Kevin Almeroth.

5.      PersonalWeb contends that it is entitled to damages adequate to compensate it for Yahoo!'s infringement, in an amount no less than a reasonable royalty, together with pre- and post-judgment interest and costs as fixed by the Court, attorneys' fees, and any enhanced damages pursuant to 35 U.S.C. § 284.  PersonalWeb incorporates by reference herein the Expert Report of Mr. Robert Mills and the Supplemental Report of Mr. Robert Mills.

6.      PersonalWeb denies Yahoo!'s defenses, affirmative defenses, and declaratory judgment claims, including that the patent-in-suit is invalid and not infringed by Yahoo!.

7.      PersonalWeb contends that Yahoo! is not entitled to a finding that this is an exceptional case under 35 U.S.C. § 285 that would warrant Yahoo! being awarded its attorneys' fees.  PersonalWeb also contends that Yahoo! is not entitled to any costs, expenses, or reasonable attorneys' fees under any statute.

8.      PersonalWeb reserves the right to include additional contentions and disputed issues of fact and law that may arise due to motions or procedural or substantive rulings of the Court, including any pending or future motions *in limine*, *Daubert* motions, motions for summary judgment, or motions for judgment as a matter of law or for new trial.

9.      PersonalWeb objects to the Court's claim construction order to the extent that the Court construed the claims differently from PersonalWeb's requested constructions during the claim construction proceedings.

**Yahoo!'s Statement:**

By providing these contentions, Yahoo! does not concede that all of these issues are appropriate for trial.  In addition, Yahoo! does not waive any of its motions *in limine* (to be filed).  Furthermore, Yahoo!'s contentions in this case are detailed, in part, in its pleadings, discovery responses, the expert reports and depositions of Yahoo!'s experts, and Yahoo!'s pending motions, including its motion for summary judgment and *Daubert* motions, which are all incorporated by reference herein.

1.      Yahoo! contends that PersonalWeb lacks standing to maintain this action because it has failed to join a co-owner—namely, Legent Corporation (which has been succeeded by CA Technologies).  Legent is a co-owner because it is the former employer of one of the inventors of the '280 patent, Ronald Lachman.  Mr. Lachman was subject to an employment agreement with Legent from at least May 27, 1994 through at least May 27, 1995.  That period includes the date of invention for the '280 patent.  The earliest date for which PersonalWeb, in discovery responses in this case, contends the inventors invented the subject matter purportedly disclosed

and claimed in the '280 patent is "late fall 1994."[1]  The application to which the '280 patent

claims priority (application no. 08/425,160) was filed on April 11, 1995.  Therefore, the date of

invention of the '280 patent (whether fall of 1994, April 1995, or somewhere in-between) falls

within the period covered by Mr. Lachman's employment agreement with Legent.  Pursuant to

that agreement, Mr. Lachman automatically assigned all rights in any inventions that grew out of

his work with Legent, which included the invention purportedly disclosed and claimed in

the '280 patent.  Because Legent (now CA Technologies) is the owner of Mr. Lachman's interest

in the '280 patent, and has not been joined in this case, PersonalWeb lacks standing to maintain

this action.  This failure of standing warrants dismissal of this case.

2.      Yahoo! contends that it has not infringed any of the Asserted Claims of the '280

patent.  Yahoo! incorporates by reference herein the Expert Report of Dr. Don Turnbull and the

Supplemental Report of Dr. Turnbull.

3.      Yahoo! contends that it is entitled to a declaratory judgment that it has not

infringed any of the Asserted Claims of the '280 patent.

4.      Yahoo! also contends that the Asserted Claims of the '280 patent are invalid

under one or more of 35 U.S.C. §§ 101, 102, and 103, and fail to meet the requirements of 35

U.S.C. § 112.  Yahoo! also incorporates by reference herein the opinions as contained in the

Expert Report of Dr. Mark Crovella.  Yahoo! contends that it is entitled to a declaratory

judgment that the '280 Patent is invalid.

---

[1] Yahoo! disputes PersonalWeb's claim of an earlier invention date because, *inter alia*, PersonalWeb has no corroborating evidence for its claim of early conception.  This dispute is not material to the standing issue, however, because even accepting PersonalWeb's earlier alleged date, the conception date of the invention would still fall within the term of Mr. Lachman's employment agreement with Legent.

5.      Yahoo! contends that it is entitled to a judgment that this is an exceptional case and it is entitled to an award of costs, expenses, and attorneys' fees pursuant to 35 U.S.C. §§ 285 and 288, and to any other relief the Court deems appropriate.

6.      Yahoo! contends that PersonalWeb is not entitled to an invention date earlier than the filing date for U.S. Application serial no. 08/425,160, filed April 11, 1995, from which the '280 patent asserts priority.

7.      Yahoo! contends that PersonalWeb is not entitled to recover any damages and has not met its burden of proof on its damages claim against Yahoo!.  However, if PersonalWeb is entitled to any damages, Yahoo! contends that PersonalWeb may not recover more than the amount set forth by Yahoo!'s expert witness Mr. Chris Bakewell.  Yahoo! incorporates by reference herein the Expert Report of Mr. Chris Bakewell and the Supplemental Report of Mr. Bakewell.  Yahoo! also contends that PersonalWeb is not entitled to enhancement of damages under 35 U.S.C. § 284.

8.      Yahoo! contends that PersonalWeb is not entitled to a finding that this is an exceptional case under 35 U.S.C. § 285 that would warrant PersonalWeb being awarded its attorneys' fees.  Yahoo! also contends that PersonalWeb is not entitled to any costs, expenses, or reasonable attorneys' fees under any statute.

9.      Yahoo! contends that if any damages are awarded, PersonalWeb is not entitled to any pre-judgment or post-judgment interest.

10.      Yahoo! contends that PersonalWeb is not entitled to an injunction against Yahoo!.

11.      Yahoo! contends that PersonalWeb is not entitled to any other award or relief, whether equitable or legal, whatsoever.

12.     Yahoo! contends that an exceptional case finding should be made in favor of Yahoo!, and that Yahoo! is entitled to an award of attorneys' fees and costs.

13.     Yahoo! reserves the right to include additional contentions and disputed issues of fact and law that may arise due to motions or procedural or substantive rulings of the Court, including any pending or future motions *in limine*, *Daubert* motions, motions for summary judgment, or motions for judgment as a matter of law or for new trial.

14.     Yahoo! objects to the Court's claim construction order to the extent that the Court construed the claims differently from Yahoo!'s requested constructions during the claim construction proceedings.

## E.     STIPULATIONS AND UNCONTESTED FACTS

### The Parties' Statement of Uncontested Facts

1.     PersonalWeb is a Texas limited liability company having its principal place of business in Tyler, Texas.

1.     PersonalWeb filed its Original Complaint in this action on September 17, 2012.

2.     The '280 Patent was filed on April 1, 1999, and issued on July 2, 2002.

3.     The '280 Patent is entitled "Identifying and Requesting Data In Network Using Identifiers Which Are Based On Contents of Data."

4.     The named inventors of the '280 Patent are David A. Farber and Ronald D. Lachman.

5.     The '280 Patent expires on April 11, 2015.

6.     PersonalWeb asserts against Yahoo! allegations of direct infringement of claims 10, 15, 16, 25, 31 and 32 of the '280 patent.

7.     All of PersonalWeb's allegations of infringement, past and future, against

Yahoo!'s Bing-powered search engine system were resolved by virtue of PersonalWeb's settlement with Microsoft Corporation executed on June 19, 2014.

**The Parties' Statement of Stipulations**

Prior to trial, the parties will attempt to reach stipulations concerning trial logistics such as stipulations concerning exchange and inspection of demonstratives planned for use at trial, advance identification of witnesses to be called live and by deposition at trial, resolution of objections to deposition designations and exhibits, reading of the above statement of uncontested facts to the jury, and other similar such matters.

**F.      CONTESTED ISSUES OF FACT AND LAW**

The parties set forth below their contested issues of fact and law.  The parties reserve all objections.

**PersonalWeb's Statement:**

1.      Whether Yahoo! has directly infringed claims 10, 15, 16, 25, 31, and 32 of the '280 Patent.

2.      Whether Yahoo! can prove by clear and convincing evidence that the asserted claims of the patent-in-suit are invalid.

3.      The amount of damages adequate to compensate PersonalWeb for Yahoo!'s infringement.

4.      Whether PersonalWeb is entitled to an award of attorneys' fees, and, if so, the dollar amount of its fees.

5.      Whether PersonalWeb is entitled to costs, and, if so, the dollar amount of its costs.

6.      Whether PersonalWeb is entitled to pre- and post-judgment interest, and, if so, the dollar amount of its pre- and post-judgment interest.

7.      Whether Yahoo! has proven any of the affirmative defenses asserted in its Second Amended Answer and Counterclaims.

8.      Whether Yahoo! can allege, for the first time in the pretrial order, that Mr. Lachman's employment agreement with Legent Corporation destroys standing where Yahoo! has not previously disclosed this defense.   Yahoo! has offered no facts or evidence that the inventions claimed in the patent-in-suit grew out of Mr. Lachman's work with Legent Corporation, and Yahoo! should therefore be barred from doing so at trial.

9.      Whether Yahoo! has waived its argument that PersonalWeb has not accused "sponsored search," which is part of Yahoo!'s search engine system, the accused system in this case.

**Yahoo's Statement:**

1.      Whether PersonalWeb has standing to maintain this action.

2.      Whether non-party Legent Corporation is a co-owner of the '280 patent.

3.      Whether, by virtue of the Employment Agreement dated May 27, 1994 between Ronald Lachman (one of the named inventors of the '280 patent) and Legent Corporation, Mr. Lachman automatically assigned to Legent Corporation his rights to the invention purportedly disclosed and claimed in the '280 patent.

4.      Whether PersonalWeb has proved by a preponderance of the evidence that Yahoo! has directly infringed the Asserted Claims of the '280 patent.

5.      Whether the Asserted Claims of the '280 Patent are invalid under 35 U.S.C. § 101.

6.      Whether the Asserted Claims of the '280 Patent are invalid by reason of anticipation under 35 U.S.C. § 102.

7.      Whether the Asserted Claims of the '280 Patent are invalid by reason of obviousness under 35 U.S.C. § 103.

8.      Whether claims 15, 16 and 32 of the '280 Patent are invalid for lack of written description under 35 U.S.C. § 112.

9.      Whether claims 15, 16 and 32 of the '280 Patent are invalid for lack of enablement under 35 U.S.C. § 112.

10.     Whether PersonalWeb is entitled to a date of invention earlier than the effective filing date of the '280 Patent (April 11, 1995).

11.     Whether this case is an exceptional case pursuant to 35 U.S.C. § 285 and whether Yahoo! is entitled to an award of attorneys' fees against PersonalWeb.

12.     Whether Yahoo! is entitled to costs, and if so, in what amount.

13.     Whether, if the '280 Patent is found to be valid, and if PersonalWeb has proved infringement by a preponderance of the evidence, PersonalWeb is entitled to damages to compensate for such infringement, and, if so, by what measure.

14.     Whether, if the '280 Patent is found to be valid, and if PersonalWeb has proved infringement by a preponderance of the evidence,  PersonalWeb can prove that it has satisfied every factor of the four-factor test for a permanent injunction, namely that:  (i) it has suffered irreparable harm; (ii) legal remedies, including monetary damages, cannot compensate for that harm; (iii) the balance of hardships weighs in favor of PersonalWeb; and (iv) the public interest would not be disserved by injunctive relief, and so are entitled to injunctive relief from Yahoo!.

15.     Whether, if the '280 Patent is found to be valid, and if PersonalWeb has proved infringement by a preponderance of the evidence, PersonalWeb has proved it is entitled to costs, attorneys' fees, or pre- or post-judgment interest, and if so, in what amount.

      16.      Whether PersonalWeb has met its burden of proof on any of the fact issues raised

by PersonalWeb above.

## G.     LIST OF WITNESSES

**The parties' respective witness lists are attached as follows:**

(a)     PersonalWeb's Trial Witness List – Exhibit A.

(b)     Yahoo!'s Trial Witness List – Exhibit B.

## H.     LIST OF EXHIBITS

 **The parties' respective exhibit lists are attached as follows:**

(a)     PersonalWeb's Exhibit List – Exhibit C.

(b)     Yahoo!'s Exhibit List – Exhibit D.

## I.     LIST OF PENDING MOTIONS

**PersonalWeb's Pending Motions:**

| Dkt. No. | Date | Title |
|---|---|---|
| 105 | 5/30/2014 | Motion to Compel the Production of Yahoo!'s Financial Documents and Patent Licenses (SEALED) |
| 156 | 9/4/2014 | Motion To Strike Don Turnbull's Second Rebuttal Report (SEALED) |
| 158 | 9/4/2014 | Motion To Strike Yahoo!'s Untimely Supplemental Rebuttal Expert Report Regarding Damages (SEALED) |

**Yahoo!'s Pending Motions:**

| Dkt. No. | Date | Title |
|---|---|---|
| 106 | 6/3/2014 | Motion To Stay |
| 140 | 8/1/2014 | Motion To Exclude Proposed Testimony of PersonalWeb's Damages Expert Mr. Robert Mills (SEALED) |
| 141 | 8/1/2014 | Motion for Summary Judgment of Noninfringement (SEALED) |
| 142 | 8/1/2014 | Motion To Exclude and Strike Certain Opinions of PersonalWeb's Infringement Expert Dr. Kevin Almeroth (SEALED) |

| Dkt. No. | Date | Title |
|---|---|---|
| 151 | 8/25/2014 | Motion To Strike Untimely Opinions of PersonalWeb's Infringement Expert Dr. Almeroth and Argument Based on Those Opinions (SEALED) |

## J.    PROBABLE LENGTH OF TRIAL

**PersonalWeb's Statement:**

PersonalWeb estimates the probable length of trial will be 5 days, as set forth in the Docket Control Order.  PersonalWeb requests that each party be allocated the same amount of time:  12 hours per side for direct, cross, and rebuttal examination.  PersonalWeb further requests 45 minutes per side for voir dire, 45 minutes per side for opening statements, and 1 hour per side for closing arguments.  PersonalWeb requests that any time limits the Court imposes apply equally to both parties.

**Yahoo!'s Statement:**

Yahoo! respectfully submits the following estimate of the amount of time requested for jury selection and trial.

(1) *Voir dire* – 45 min

(2) Opening – 45 min

(3) Testimony – 13 hours

(4) Closing – 60 min

Yahoo! requests that any time limits the Court imposes apply equally to both parties.

## K.    MANAGEMENT CONFERENCE LIMITATIONS

Each side is limited to designating 250 exhibits for trial absent a showing of good cause. Each side is limited to designating 10 hours of deposition testimony for use at trial absent a showing of good cause.

## L.   CERTIFICATIONS

The undersigned Counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1)   Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2)   Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise.

(3)   Except as otherwise agreed or ordered, Counsel for each party will provide the following certification when their respective Exhibit Lists are filed: Each exhibit (excluding demonstratives in the List of Exhibits):

(a)   is in existence; and

(b)   is numbered.

**Approved as to form and substance:**

Respectfully submitted,

By: */s/ Max L. Tribble, Jr. [w/ permission]*
Max L. Tribble, Jr.
State Bar No. 20213950
mtribble@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

 Joseph S. Grinstein
State Bar No. 24002188
jgrinstein@susmangodfrey.com
Manmeet S. Walia
State Bar No. 24056776
mwalia@susmangodfrey.com
Ashley L. McMillian
State Bar No. 24070252
amcmillian@susmangodfrey.com
Adam Hockensmith (*pro hac vice*)
State Bar No. 24083184
ahockensmith@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

Marc M. Seltzer
CA State Bar No. 54534
mseltzer@susmangodfrey.com
Kalpana Srinivasan
CA State Bar No. 237460
ksrinivasan@susmangodfrey.com
Davida Brook
CA State Bar No. 275370
dbrook@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1901 Ave of the Stars, Suite 950
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile:  (310) 789-3150

**ATTORNEYS FOR PLAINTIFF
PERSONALWEB TECHNOLOGIES,
LLC**

By: */s/ Jennifer H. Doan*
Jennifer H. Doan
State Bar No. 08809050
Brent D. McCabe
State Bar No. 24088004
Stephen D. Howen
State Bar No. 10117800
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
 jdoan@haltomdoan.com
bmccabe@haltomdoan.com
showen@haltomdoan.com

Kevin S. Kudlac
State Bar No. 00790089
Amber L. Hagy
State Bar No. 09223750
Rene A. Trevino
State Bar No. 24051447
GREENBERG TRAURIG LLP
300 W. 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210
kudlack@gtlaw.com
hagya@gtlaw.com
trevinor@gtlaw.com

Jared Bobrow
California State Bar No. 133712
Andrew L. Perito
California State Bar No. 269995
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3034
Facsimile: (650) 802-3100
jared.bobrow@weil.com
andrew.perito@weil.com

Fay E Morisseau
Fay E. Morisseau - Attorney at Law
100 E. Ferguson Street, Ste 800
Tyler, TX 75702
Telephone:  (562) 237-3970
faymorisseau@gmail.com

**ATTORNEYS FOR DEFENDANT
YAHOO! INC.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 22, 2014, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Jennifer H. Doan*
Jennifer H. Doan